UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TARA APPLEBAUM,

    Plaintiff,

v.

FASTENAL COMPANY, a
Minnesota corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, TARA APPLEBAUM, (herein referred to as "Plaintiff" or "APPLEBAUM"), by and through her undersigned attorney, hereby files this Complaint against FASTENAL COMPANY, (hereinafter, "FASTENAL" or "Defendant"), and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

1

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

**PARTIES**

5. Plaintiff APPLEBAUM is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff APPLEBAUM was employed by Defendant as a Sales Associate. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant FASTENAL is a corporation organized in Minnesota and registered to do business in Florida. FASTENAL has its principal place of business in Winona, Minnesota, but operates several locations in South Florida, including the location which employed Plaintiff located in Sunrise, Florida. Defendant FASTENAL has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant FASTENAL is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, FASTENAL deals with the sale of various fasteners, tools, and safety equipment which is transported across state lines. Defendant, upon information and belief, takes orders from customers around the country using the internet and/or phone lines and ships its goods nationwide.

9. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that

have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendant FASTENAL, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

## GENERAL ALLEGATIONS

11. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

12. Plaintiff began working for Defendant in October 2015 as a Sales Associate. She became a full-time employee in January 2016. Plaintiff's job duties entailed working with customers, managing inventory, placing orders for customers, and doing sales calls. During this time, Plaintiff was a non-exempt employee.

13. During the course of her employment, which ended on August 15, 2016, Plaintiff worked between 40–45 hours per work week. APPLEBAUM earned a monthly salary of $2,200/month. However, this salary was paid to APPLEBAUM without regard for the hours she actually worked in a given week.

14. Although Plaintiff was required to clock in and out, she was told by her manager, Ryan Van Portfleet and/or Giovanni Cajina, that she was not to clock in before 8:30AM or after 5:00PM, though they knew she arrived at work before 8:30AM and worked after 5:00PM. Also, Plaintiff was to "sign-out" for lunch for a period of thirty (30) minutes, though she often worked through her lunch, of which Defendant (through its managers) was aware.

15. Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

16. Defendant maintained complete control over the hours Plaintiff worked and the pay she was to receive.

17. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

18. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT ONE – VIOLATION OF FLSA / OVERTIME

19. Plaintiff re-alleges and re-avers paragraphs 1–18 as fully set forth herein.

20. Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing Plaintiff for workweeks longer than forty (40) hours without compensating her for all hours worked in excess of forty (40) hours at a rate not less than one and one half times her regular rate.

21. Specifically, APPLEBAUM worked approximately 40–45 hours during each work week in which she was employed as a full-time employee (between January 2016 and August 15, 2016), but was paid a salary for her time regardless of the hours actually worked. Further, Plaintiff was not permitted to log in her actual hours of work or else she would be disciplined.

22. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither bona fide executive, administrative, or professional employees.

23. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

24. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

25. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

26. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff TARA APPLEBAUM demands judgment for:

a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

d) A jury trial on all issues so triable;

e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff TARA APPLEBAUM demands trial by jury for all issues contained herein so triable by law.

Dated:  September 16, 2016.

        **LAW OFFICES OF CHARLES EISS, P.L.**
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 308
        Plantation, Florida 33324
        (954) 914-7890 (Telephone)
        (855) 423-5298 (Facsimile)

By:   **/s/ Charles Eiss**
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        ceiss@icelawfirm.com
        LINDSAY M. MASSILLON, Esq.
        Fla. Bar #92098
        lmassillon@icelawfirm.com
        NATHALY LEWIS, Esq.
        Fla. Bar #118315
        nlewis@icelawfirm.com