UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CIV-62212-CIV-DIMITROULEAS/SNOW

TARA APPLEBAUM,

    Plaintiff,

v.

FASTENAL COMPANY, a
Minnesota corporation,

    Defendant.

_____/

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT
AND STIPULATION FOR DISMISSAL WITH PREJUDICE**

Plaintiff, Tara Applebaum, and Defendant, Fastenal Company, by and through their undersigned counsel, jointly move for approval of their FLSA settlement and hereby stipulate for the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(A)(1)(ii).

Plaintiff filed a Complaint alleging unpaid overtime under the Fair Labor Standards Act. Defendant denies Plaintiff's claim that Defendant violated the FLSA and that Plaintiff is entitled to any relief. Plaintiff's FLSA claim formed only a portion of Plaintiff's overall alleged claims against Defendant. Plaintiff also had discrimination and retaliation claims under the federal and state equal employment laws that formed the basis of an administrative complaint with the federal and state fair employment practices agencies, and which would have been brought in court thereafter. Before initiating litigation on those claims, the Parties entered into global settlement discussions and settled all claims Plaintiff had or could have brought against Defendant, which included both an FLSA claim and non-FLSA claims as described above. The

attorneys' fees to be paid to Plaintiff's counsel were negotiated separately from the amounts to be paid to Plaintiff.

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. See *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). The Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977). When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.,* 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

Moreover, the Court's supervision of an FLSA settlement need not be as searching when arrived at through an adversarial litigation, where both sides have been represented by counsel. *See Martin v. Spring Break '83 Prods.*, LLC, 688 F.3d 247 (5th Cir. 2012) (*Lynn's Food* fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel), *followed* by *Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012). Plaintiff's claim was resolved in the adversarial setting of this litigation, and each party was represented by counsel.

In the present case, Plaintiff alleged that the Defendant failed to pay overtime wages. Plaintiff further contended that the Defendant lacked good faith and that liquidated damages should be imposed as a result. While Defendant disputes this allegation and contended that Plaintiff was paid all wages due to her, the payment to Plaintiff for unpaid wages and liquidated damages provided in the parties' settlement agreement represents the full value of Plaintiff's FLSA claim.

The Parties are satisfied, when considering the aforementioned issues, that the Agreement fairly resolves the dispute between them in the instant action. "If the compromise is fair and reasonable to the employee and furthers the implementation of FLSA rights in the workplace, the court should approve the compromise." *Moreno v. Regions Bank*, 729 F.Supp.2d 1346 (M.D. Fla. 2010). Accordingly, the parties request that the Court approve the Settlement Agreement attached as a fair and reasonable, and particularly, considering that full value was paid without compromise, on such FLSA claims.

The Parties have memorialized their settlement in this matter in a confidential Settlement Agreement.  The Settlement Agreement attached hereto is the parties' overall resolution arrived at as a final settlement to both the present lawsuit and the other equal employment claims that Plaintiff intended to pursue.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) retaining jurisdiction for a period of thirty (30) days to enforce the terms of the agreement; and (3) dismissing this action with prejudice.

Respectfully submitted this 2d day of November, 2016.

| For the Plaintiff: | For the Defendant: |
|---|---|
| Charles M. Eiss, Esq.<br>Florida Bar Number 612073<br>ceiss@icelawfirm.com<br>Lindsay Marie Massillon, Esq.<br>Florida Bar Number 92098<br>lmassillon@icelawfirm.com<br>Law Offices of Charles Eiss, P.L.<br>7951 SW 6th Street, Suite 308<br>Plantation, FL 33324<br>Telephone: 954.914.7890<br>Facsimile: 855.423.5298 | Christopher P. Hammon, Esq.<br> chris.hammon@ogletreedeakins.com<br>Paul J. De Boe, Esq.<br> paul.deboe@ogletreedeakins.com<br>OGLETREE, DEAKINS, NASH,<br> SMOAK & STEWART, P.C.<br>701 Brickell Avenue, Suite 1600<br>Miami, Florida 33131-2813<br>Telephone:  305.374.0506<br>Facsimile:   305.374.0456 |
| *s/* Charles M. Eiss<br>Charles M. Eiss<br>Florida Bar No. 612073 | *s/* Christopher P. Hammon<br>Christopher P. Hammon<br>Florida Bar No. 176753 |
| *Counsel for Plaintiff, Tara Applebaum* | *Counsel for Defendant, Fastenal Company* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 2, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    *s/* Christopher P. Hammon
    Christopher P. Hammon

## SERVICE LIST

*Tara Applebaum v. Fastenal Company*
16-CIV-62212-CIV-DIMITROULEAS/SNOW
*United States District Court, Southern District of Florida*

Charles M. Eiss, Esq.
ceiss@icelawfirm.com
Lindsay M. Massillon, Esq.
lmassillon@icelawfirm.com
Nathaly Lewis, Esq.
nlewis@icelawfirm.com
LAW OFFICES OF CHARLES EISS, P.L.
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
Telephone: 954.914.7890
Facsimile:  855.423.5298

*Counsel for Plaintiff,*
*Tara Applebaum*

Method of Service:  *CM/ECF*

Christopher P. Hammon
 chris.hammon@ogletreedeakins.com
Paul J. De Boe
 paul.deboe@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant,*
*Fastenal Company*

26698015.4

6