# **ATTACHMENT**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1. This Settlement Agreement and General Release ("Agreement") is entered into by and between Tara Applebaum (the "Employee"), and Fastenal Company ("Fastenal"). The term "Employer" shall refer to Fastenal and all of its respective past and present parents, subsidiaries, or affiliates, including without limitation, each and all their respective past or present predecessors, successors, assigns, representatives, managers, shareholders, owners, officers, directors, agents, and employees. Collectively, Employee and Employer will be known as the "Parties."

2. Non-Admission. This Agreement does not constitute an admission by Employer of any violation of any law or statute, and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3. The Employee has filed a lawsuit styled *Tara Applebaum v. Fastenal Company*, Case No. 0:16-cv-62212-WPD. (the "Lawsuit"). In the Lawsuit, Employee has asserted a claim for violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*. In addition, Employee has filed a separate Charge of Discrimination with the EEOC and Florida Commission On Human Relations, Charge No. 510-2016-05058 (the "Charge."), alleging sex discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964. The Parties desire fully and finally to resolve with a global settlement these and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of the Employee against Employer relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed, including the Charge. The Employee represents that Employee has no other charges, actions, or claims pending on Employee's behalf, other than those set forth in this paragraph.

4. Payment to Employee. In consideration for signing this Settlement Agreement and General Release and the fulfillment of the promises herein, including without limitation the full and final settlement of all claims, Employer agrees to pay the Employee the total sum of TWENTY THOUSAND DOLLARS AND NO CENTS ($20,000.00). The payment shall be made in the following disbursements within twenty-one (21) calendar days of the last to occur of (i) receipt by Employer's counsel, Christopher P. Hammon, Esquire, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 701 Brickell Avenue, Suite 1600, Miami, Florida, 33131, of a copy of this Agreement duly executed by Employee and signed W-9 forms for Employee and her counsel; and (ii) the Court's approval of the settlement and dismissal of this action with prejudice.

    (a) Payment to Employee for Claim for Unpaid Overtime Wages. Employer agrees to pay the Employee, as payment for Employee's claim for lost wages associated with her FLSA claim, the gross sum of ONE THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($1,500.00), less all applicable withholding taxes and payroll deductions;

(b)  Payment to Employee for Claim for Liquidated Damages. Employer agrees to pay the Employee, as payment for Employee's claim for liquidated damages associated with her FLSA claim, the gross and net sum of ONE THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($1,500.00). Employee agrees to provide a completed IRS Form W-9 prior to receipt of this payment;

(c)  Payment to Employee for Economic Damages Unrelated to FLSA Claim. Employer agrees to pay Employee, as payment for Employee's claim for economic damages associated with her non-FLSA claims, the gross sum of FOUR THOUSAND FIVE HUNDRED EIGHTY THREE DOLLARS AND FIFTY CENTS ($4,583.50), less all applicable withholding taxes and payroll deductions;

(d)  Payment for Non-Economic Damages and General Release. Employer agrees to pay Employee, as payment for non-economic damages associated with her non-FLSA claims as well as for the general release provided herein, the gross and net sum of FOUR THOUSAND FIVE HUNDRED EIGHTY THREE DOLLARS AND FIFTY CENTS ($4,583.50). Employee agrees to provide a completed IRS Form W-9 prior to receipt of this payment;

(e)  Payment for Attorneys' Fees and Costs. Employer agrees to pay Employee's attorney, Law Offices of Charles Eiss, P.L., as payment for attorneys' fees and costs associated with both her FLSA claim and non-FLSA claims, the sum of SEVEN THOUSAND EIGHT HUNDRED THIRTY THREE DOLLARS AND ZERO CENTS ($7,833.00). Of this amount, $7,333.00 is in concept of attorneys' fees, and $500.00 is out of pocket litigation costs incurred by Employee's counsel. Employee agrees to provide a completed IRS Form W-9 for her attorney prior to receipt of this payment.

The above payment(s) shall be inclusive of all claims for attorneys' fees and expenses. The appropriate IRS form(s) shall be issued reflecting the payment(s). Employee acknowledges that the payments she is receiving in Paragraphs 4(a) and 4(b) reflect full value compensation for all hours she claims she worked for which she was not paid, plus liquidated damages thereon, without reduction or compromise.

5.  Withdrawal of Claims. Prior to receipt of the payment specified in paragraph 4, the Employee agrees to withdraw and dismiss with prejudice the Lawsuit and request the withdrawal and dismissal of any and all other claims, charges, or complaints that the Employee has initiated or that others have initiated on the Employee's behalf against Employer in any forum, including, but not limited to, Charge of Discrimination No. 510-2016-05058 filed with the U.S. Equal Employment Opportunity Commission and any related charge or complaint dual-filed with any state or local fair employment practices agency. Employee will also take all further action necessary to effectuate the withdrawal and dismissal described herein. Employee will also cooperate to the fullest extent allowed by law in obtaining the most confidential dismissal of the Lawsuit that may be permitted by the court.

2

6. <u>Release of Claims by Employee.</u>  Employee, without limitation, hereby irrevocably and unconditionally releases and forever discharges Employer, and each and all of its officers, agents, directors, supervisors, employees, representatives, attorneys, divisions, insurers, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, and successors, and all persons acting by, through, under, or in concert with any of them from any and all charges, complaints, claims, causes of action, debts, sums of money, controversies, agreements, promises, damages, and liabilities of any kind or nature whatsoever, both at law and equity, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims"), arising from conduct occurring on or before the date of this Agreement, including without limitation any claims incidental to or arising out of Employee's employment with Employer, and/or Employer's conduct in connection with such claim or the proposed or actual resolution thereof. This provision is intended by the Parties to be all encompassing and to act as a full and total release of any claim, whether specifically enumerated herein or not, that Employee might have or has had, that exists or ever has existed on or to the date of this Agreement. The Parties understand the word "claim" or "claims" to include without limitation all actions, claims, and grievances, whether actual or potential, known or unknown, related, incidental to or arising out of Employee's employment relationship with Employer, and/or the cessation thereof and/or pertaining thereto, and/or Employer's conduct in connection with such claim or the proposed or actual resolution thereof, whether arising under state, federal, or local law. All such claims, including related attorneys' fees and costs, are forever barred by this Agreement without regard to whether those claims are based on any alleged breach of a duty arising in contract or tort, any alleged unlawful act, any other claim or cause of action, and regardless of the forum in which it might be brought. Employee also waives any right to become, and promises not to consent to become, a member of any class in any case in which claims are asserted against Employer (as defined in this Agreement) that are related in any way to her employment or separation of her employment with Employer. If Employee, without her knowledge, is made a member of a class in any proceeding, she will opt out of the class at the first opportunity afforded her after learning of her inclusion. In this regard, she agrees that she will execute, without objection or delay, an "opt-out" form presented to her either by the court in which such proceeding is pending or by counsel for Employer. The Parties agree and acknowledge that this release includes, without limitation, any and all claims under Title VII of the Civil Rights Act of 1964; the Pregnancy Discrimination Act; the Fair Labor Standards Act (including without limitation any claims for unpaid regular or overtime wages and any claim for retaliation or interference under that statute), 42. U.S.C. § 1981; the Equal Pay Act; the Americans With Disabilities Act; the Age Discrimination in Employment Act; Sections 503 and 504 of the Rehabilitation Act of 1973; Family Medical Leave Act; Employee Retirement Income Security Act; the Occupational Safety and Health Act; the Older Workers' Benefit Protection Act; the Genetic Information Nondiscrimination Act, the Workers' Adjustment and Retraining Notification Act, as amended; the Florida Civil Rights Act; the Florida Private Whistleblower Act, the Florida minimum wage law, claims for interference or retaliation under the Florida workers' compensation law, law, including without limitation, claims under Fla. Stat. § 440.205 or § 440.11, and any state, civil or statutory laws, including any and all human rights laws and laws against discrimination, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees. Employee declares and warrants that Employer does not owe Employee anything other than what Employer has agreed to pay in this Agreement. Employee

also represents and warrants that Employee has not suffered any workplace illness or injuries that have not already been reported in writing to Employer, and that Employee is not presently suffering from any adverse health condition, illness, or incapacity.

7. Non-Interference. Nothing in this Agreement shall interfere with the Employee's right to file a charge, cooperate, or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission and/or state, county, or local fair employment practices agency, or other federal or state regulatory or law enforcement agency. However, the consideration provided to the Employee in this Agreement shall be the sole relief provided to the Employee for the claims that are released by the Employee herein, and Employee will not be entitled to recover and agrees to waive any monetary benefits or recovery against Employer in connection with any such claim, charge, or proceeding without regard to who has brought such Complaint or Charge, and those would include claims brought or described in the first sentence of this Paragraph 7.

8. Payment of Applicable Taxes. The Employee is and shall be solely responsible for all federal, state, and local taxes that may be owed by Employee by virtue of the receipt of any portion of the monetary payment provided under this Agreement. The Employee agrees to indemnify and hold Employer harmless from any and all liability, including, without limitation, all penalties, interest, and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to the Employee under this Agreement. Employer will remit to the appropriate tax authority the taxes and other statutory withholdings to be taken from the payment described in in Paragraph 4(a).

9. Confidentiality and Non-Disclosure. The Employee shall not disclose the fact of this Agreement, the terms of this Agreement, the facts and circumstances giving rise to this Agreement, or the existence of any claim that Employee has, or may have, that is subject to the release of claims contained in this Agreement, to anyone other than the Employee's spouse, attorney, and/or tax and financial advisors, or pursuant to court order or subpoena, or as otherwise required by law. The Employee agrees to immediately notify Employer's attorney upon receipt of such a court order or subpoena. Should the Employee disclose information about this Agreement to the Employee's spouse, attorney, and/or tax and financial advisors, the Employee shall advise such persons that they must maintain the strict confidentiality of such information and must not disclose it unless otherwise required by law. If Employee is asked about her Complaint, or about Employee's claims against Employer, Employee will respond by saying, "The matter has been resolved." In the event that the Employee is compelled by legal subpoena or court order to provide information covered by this paragraph, Employee agrees to immediately notify Employer, through its attorney, Christopher P. Hammon, Esquire, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 701 Brickell Avenue, Suite 1600, Miami, Florida, 33131. The Parties' potential need to disclose certain settlement terms and/or all or part of this agreement to the court or to file same in the docket shall not in any way alter or diminish Employee's obligation to uphold the confidentiality obligations in this Paragraph in all other instances.

10. Non-Disparagement and Incitement of Claims. The Employee agrees that Employee will not make or cause to be made any statements that disparage, are inimical to, or damage the

4

reputation of the Employer. In the event such a communication is made to anyone, including but not limited to the media, public interest groups and publishing companies, it will be considered a material breach of the terms of this Agreement. In the event that such a communication is made before Employer issues the payments described in Paragraph 4, Employer shall be relieved of any obligation to make any payment to Employee. The Employee also agrees that Employee will not encourage or incite other current or former employees of Employer to disparage or assert any complaint, claim, or charge, or to initiate any legal proceeding, against Employer.

11. Liquidated Damages. Employee acknowledges and agrees that the time and expenses involved in proving in any forum the actual damage or loss suffered by Employer if there is a breach of paragraphs 9 and/or 10 make this case appropriate for liquidated damages. Accordingly, instead of requiring any proof of damages or losses, Employee agrees that upon a court of competent jurisdiction's finding of a breach, as liquidated damage for any single incident of breach of the paragraph 9 and/or 10 (but not as a penalty), Employee shall pay to Employer the sum of ONE THOUSAND DOLLARS AND NO CENTS ($1,000.00). Neither the breach of said paragraphs 9 and/or 10 nor the payment of liquidated damages shall affect the continuing validity or enforceability of this Agreement.

12. Employment Relationship Has Permanently Ended. The Employee agrees and recognizes that Employee's employment relationship has been permanently and irrevocably severed, and that Employee is not suited for any position with Employer because of irreconcilable differences with Employer. The Employee hereby understands and agrees that Employee will not be re-employed by the Employer in the future and that Employee will never knowingly apply to the Employer, and any of their subsidiaries, affiliates, parents or divisions for any job or position in the future. The Employee agrees that if Employee knowingly or unknowingly applies for a position and is offered or accepts a position with Employer, and any of their subsidiaries, divisions or affiliates, the offer may be withdrawn and the Employee may be terminated without notice, cause, or legal recourse. Employer agrees that it will provide a neutral reference to Employee by providing, in response to any third party inquiries it receives relating to Employee's employment with Employer, no information other than Employee's name, date of employment, and position held. Provided, however, that nothing in this Agreement would prevent Employer from responding truthfully to any inquiries from any governmental agency or from responding truthfully to any inquiries from any governmental agency or from responding truthfully and completely in response to any obligation based on its receipt of a subpoena.

13. Transfer of Claims. The Employee represents and warrants that Employee has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association, or entity whatsoever, any released claim. The Employee agrees to indemnify and hold Employer harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action, or judgments based on or arising out of any such assignment or transfer. Employee further warrants that there is nothing that would prohibit Employee from entering into this Agreement.

14. Employee is Not Prevailing Party. The Employee shall not be considered a prevailing party for any purpose.

5

15. <u>Breach</u>. The Employee acknowledges that if Employee materially breaches or threatens to materially breach this Agreement, including but not limited to the Employee's obligations in the paragraphs pertaining to Confidentiality and Non-Disclosure, and Non-Disparagement and Incitement of Claims, and/or commences a suit or action or complaint in contravention of this release and waiver of claims, Employer's obligations to pay the monies and/or provide the benefits referred to above shall immediately cease and Employer shall be entitled to all other remedies allowed in law or equity. In any action arising from a breach of this Agreement the prevailing party shall be entitled to an award of attorneys' fees and costs.

16. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between the Employee and Employer with respect to any and all disputes or claims that the Employee has, or could have had, against Employer as of the date this Agreement is executed, and supersedes all other agreements between the Employee and Employer with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both the Employee and Employer.

17. <u>Severability</u>. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full and general release by Employee that is not invalid.

18. <u>Acknowledgement That Employee Not A Medicare Beneficiary, No Medical Claims Exist, No Medical Expenses Paid by Medicare.</u> Employee declares and expressly warrants that Employee is not Medicare eligible, that Employee is not a Medicare beneficiary, and that Employee is not within thirty (30) months of becoming Medicare eligible; that Employee is not 65 years of age or older; that Employee is not suffering from end stage renal failure or amyotrophic lateral sclerosis; that Employee has not received Social Security benefits for twenty-four (24) months or longer; and/or that Employee has not applied for Social Security benefits, and/or has not been denied Social Security disability benefits and is appealing the denial. Employee affirms, covenants, and warrants Employee has made no claim for illness or injury against, nor is Employee aware of any facts supporting any claim against, the released parties under which the released parties could be liable for medical expenses incurred by the Employee before or after the execution of this agreement. Because Employee is not a Medicare recipient as of the date of this release, Employee is aware of no medical expenses which Medicare has paid and for which the released parties are or could be liable now or in the future. Employee agrees and affirms that, to the best of Employee's knowledge, no liens of any governmental entities, including those for Medicare conditional payments, exist.

19. <u>Employee's Acknowledgement</u>. The Employee acknowledges that no representation, promise, or inducement has been made other than as set forth in this Agreement, and that the Employee enters into this Agreement without reliance upon any other representation, promise, or inducement not set forth herein. The Employee further acknowledges and represents that Employee assumes the risk for any mistake of fact now known or unknown, and that Employee understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. The Employee also acknowledges the following: (a) that Employee has consulted with or has had the opportunity to consult with an attorney of Employee's

6

choosing concerning this Agreement and has been advised to do so by Employer; and (b) that Employee has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on Employee's own judgment and/or the advice of Employee's attorney. The Employee acknowledges that Employee has been given a reasonable time to consider the terms of this Agreement. The Employee acknowledges that Employee is getting more consideration under this Agreement than Employee is otherwise entitled. Employee acknowledges that the proceeds of this Agreement shall not be cause for the recomputation of any of Employee's individual benefits that may have been provided by Employer, including but not limited to, retirement benefits. Employee further understands and acknowledges that Employee is only releasing claims in Paragraph 6 of the Agreement that arose prior to the execution of this Agreement. Employer acknowledges that it has had the advice of counsel and a chance to review this Agreement.

20.  **Twenty-One Day Consideration Period.** The Employee acknowledges that Employee has been given a period of at least twenty-one (21) days to consider the terms of this Agreement and, if Employee should execute it prior to the expiration of the twenty-one day consideration period, knowingly waives Employee's right to consider this Agreement for twenty-one days.

21.  **Seven-Day Revocation Period.** Employee acknowledges that he may, for a period of seven (7) days following the execution of this Agreement, revoke acceptance thereof. This revocation must be done in writing and delivered to Christopher P. Hammon, Esquire, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 701 Brickell Avenue, Suite 1600, Miami, Florida, 33131 before the close of business on the seventh day. This Agreement shall not become effective until the expiration of this seven-day revocation period. Should Employee revoke the agreement within the period specified in this Paragraph, any and all obligations in this Agreement will immediately cease, including without limitation the obligation of Employer to pay monies under Paragraph 4.

22.  **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

23.  **Choice of Law.** This Settlement Agreement and General Release is to be interpreted pursuant to the laws of Florida, except where the application of federal law applies.

TARA APPLEBAUM  
*/s/ Tara Applebaum/*  
Date: 10/25/2016

FASTENAL COMPANY  
By: */s/*  
Name: Aaron K. Garvas  
Title: General Counsel  
Date: 10/28/2016

26585084.1

7